# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**MEIKA DESEAN BRITTON**                                                             **PETITIONER**

**v.**                                                      **No. 3:19CV16-NBB-RP**

**WARDEN GEORGIA SHELBY, ET AL.**                                 **RESPONDENTS**

## ORDER DENYING PLAINTIFF'S MOTION [17]
## FOR RECUSAL

This matter comes before the court on the motion [17] by the plaintiff for the Magistrate Judge assigned to this case to recuse himself. For the reasons set forth below, the instant motion will be denied.

### Standard for Recusal

The statutes for deciding whether recusal is appropriate for a federal judge are 28 U.S.C.A. § 455, and 28 U.S.C. § 144, which use the same standard, namely, "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997) (*quoting United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986)). However, "the reasonable person standard in the recusal context contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *Trevino v. Johnson*, 168 F.3d 173, 179 (5th Cir. 1999) (internal citations omitted). In addition, "[A] motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case . . . ." *Phillips v. Joint Legislative Committee on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir.1981). A judge's adverse ruling, even when later reversed or vacated on appeal, does not by itself constitute grounds for recusal. *Garcia v. Woman's Hospital of Texas*, 143 F.3d 227 (5th Cir. 1998). Adverse judicial rulings will only support a claim of bias if they

reveal an opinion based on an extrajudicial source – or if they demonstrate such a high degree of animosity as to make fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

The plaintiff's argument is that the Judge has misinterpreted parts of the evidence in the case several times. These interpretations are merely findings adverse to the plaintiff – and do not set forth a valid reason for the Magistrate Judge to recuse himself. As such, the instant motion [17] for recusal is **DENIED**.

**SO ORDERED**, this, the 15th day of October, 2019.

/s/    Roy Percy
UNITED STATES MAGISTRATE JUDGE