IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MEIKA DESEAN BRITTON**                                             **PETITIONER**

**v.**                                                                **No. 3:19CV16-NBB-RP**

**WARDEN GEORGIA SHELBY, ET AL.**                              **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Meika DeSean Britton for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state remedies and as procedurally barred. Mr. Britton has responded to the motion and has submitted additional briefing. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed as procedurally barred.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2254**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas*

*corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

**Facts and Procedural Posture**

Meika Desean Britton is in the custody of the Mississippi Department of Corrections (MDOC) and is currently housed at the South Mississippi Correctional Institute in Leakesville, Mississippi. On March 7, 2011, he pled guilty to one count of child exploitation under *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970) in Cause No. CR 2009-543-GCD in the Circuit Court of DeSoto County, Mississippi. *See* Exhibit A[1] (Plea Petition); *see also* State Court Record ("SCR"), Cause No. 2012-CP-00308-COA, Case Folder, pp.12-13. On May 5, 2011, the circuit court sentenced Britton to serve five years in the custody of the MDOC on his child exploitation plea, to be followed by ten years of post-release supervision (PRS). Exhibit B (Sentence Post Release Supervision); s*ee also*,

---

[1] The exhibits referenced in the instant memorandum opinion may be found in the State's motion to dismiss.

SCR, Cause No. 2011-TS-1110, Case Folder, pp. 81-84. Britton was released on PRS on December 31, 2015. SCR, Cause No. 2017-CP-00046-COA, Vol. 1, p. 59. State court records reflect that he failed to pay assessments, as ordered, and he was charged with additional counts of child exploitation and contributing to the delinquency of a minor. As a result, on March 28, 2016, the Southaven Police Department arrested him. SCR, 2017-CP-00046-COA, Vol. 1, p. 10. The State then filed a Petition to Revoke PRS on April 18, 2016. *Id*. pp. 83-84. On May 13, 2016, the trial court revoked Britton's PRS and sentenced him to serve the remaining ten years of his sentence in the custody of the MDOC. Exhibit C (Order of Revocation); *see also*, SCR, Cause No. 2017-CP-00046-COA, Vol. 1, p. 85.

Britton filed a "Motion to Reinstate Post Release Supervision" on August 8, 2016, in DeSoto County Circuit Court Cause No. 17CI1:16-cv-00143-GC (which the circuit court treated as a petition for post-conviction relief (PCR motion)). The circuit court noted that Britton was sentenced in 2011, yet he filed his PCR motion (his second PCR motion) in 2016. Though the motion appeared to be time-barred, the circuit court found that, if the claims had merit, they were not subject to the procedural bar because Britton alleged that his PRS had been unlawfully revoked. Exhibit D (Order Denying Application to Reinstate Post Release Supervision/Motion for Post-Conviction Collateral Relief); *see also* SCR, Cause No. 2017-CP-00046-COA, Vol. 1, pp. 58-66.

In his PCR motion, Britton alleged the following claims regarding the revocation of his PRS: "1) violation of due process (5th, 14th Amendment); 2) ineffective assistance of counsel (6th Amendment); 3) prosecutorial misconduct; and 4) judicial misconduct by Judge." *Id*. p. 11.[2] The circuit court denied Britton's second PCR motion on February 14, 2017, finding Britton's claims to be

---

[2] Mr. Britton filed an amendment and supplemental brief to his PCR motion on November 21, 2016, to allege a violation of his 4th Amendment rights.

without merit. Exhibit D; *see also* SCR, 2017-CP-00046-COA, Vol. 1, pp. 58-66. Britton appealed, and the Mississippi Court of Appeals affirmed the trial court's denial of post-conviction relief on March 27, 2018. Exhibit E (*Britton v. State*, 241 So.3d 639, Cause No. 2017-CP-00046-COA, *reh'g denied*, Aug. 21, 2018).

Under Miss. R. App. P. 17(b), the deadline for Britton to file a petition for writ of certiorari was September 4, 2018 (14 days after the Mississippi Court of Appeals denied his request for rehearing). Britton dated the Certificate of Service of his petition September 5, 2018 – a day *after* the deadline expired. The mandate issued on September 11, 2018, and Britton's certiorari petition was received and filed with the Mississippi Supreme Court a day later on September 12, 2018. On November 15, 2018, the Mississippi Supreme Court noted that Britton's certiorari petition was untimely. Britton sought reconsideration of the finding of untimeliness. He sought additional time to show the court that he had filed his petition in a timely manner; however, on December 4, 2018, the court noted that Britton's certificate of service for the petition was signed on Sept. 5, 2018. It was thus late, and the court denied his motion for enlargement of time. Britton sought reconsideration a second time, and on December 28, 2018, the court ruled that he was not entitled to reconsideration under Miss. R. App. P. 17(f). The court thus dismissed Britton's second request to reconsider.

On January 14, 2019, Britton signed the instant *pro se* Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254, which was stamped as "filed" by this Court on January 24, 2019. ECF doc. 1.[3] He challenges the revocation of his probation, raising the following grounds *pro se*: "1) violation

---

[3] Mr. Britton filed a Petition for Writ of *Habeas Corpus* in this court (No. 3:14-cv-00104-NBB-JMV) challenging his underlying plea and conviction, which this Court dismissed on August 14, 2015, for failure to exhaust his state court remedies. Mr. Britton filed a Petition for Writ of *Habeas Corpus* in this court (No. 3:17-cv-00011-DMB-DAS) challenging his revocation of probation, which this court dismissed without prejudice on November 15, 2018, for failure to exhaust state remedies.

of my 4th Amendment rights; 2) violation of my 6th Amendment—right to confront "Confrontation Clause"; 3) violation of 5th and 14th Amendment—Due Process; and 4) judicial misconduct lack of fair trial." *Id*. As discussed in detail below, Mr. Britton has procedurally defaulted the allegations raised in his petition, and those claims are now precluded from federal *habeas corpus* review.

### The Doctrines of Procedural Default and Procedural Bar

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012). Thus, a federal court may not consider a *habeas corpus* claim when, "(1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, —— U.S. ——, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted). This doctrine is known as *procedural bar*.

A state procedural rule is "independent" when the state law ground for decision is not "interwoven with the federal law." *Michigan v. Long*, 463 U.S. 1032, 1040, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983). A state law ground is interwoven with federal law if "the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed." *Ake v. Oklahoma*,

470 U.S. 68, 75, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985); *see also* State court decision must not be interwoven with federal law, Federal Habeas Manual § 9B:24.

To determine the adequacy of the state procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*.

### Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First, he may overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d

635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

**Discussion**

Mr. Britton has defaulted the claims in the instant petition. As set forth above, the Mississippi Court of Appeals affirmed the lower court's denial of post-conviction relief on March 27, 2018. Britton sought rehearing of the Mississippi Court of Appeals' decision, and that request was denied on August 21, 2018. *See* Exhibit E. Britton then failed to petition the Mississippi Supreme Court for *certiorari* review in a timely manner. *See* SCR, Cause No. 2017-Ct-00046-COA. He has not exhausted his state remedies, and he can no longer do so.

He states in his response to the State's motion to dismiss that his "Writ of Certiorari was determined to be untimely by one day and the cause of this delay was the [Inmate Legal Assistance Program] staff." Doc. 21 at 2. He thus argues that he is entitled to equitable tolling because "it would be unfair to dismiss this case as time barred or procedurally barred simply because of a technical mistake the first time [he] tried to exhaust." *Id.* at 3. He would only be entitled to equitable tolling if: (1) he pursued his rights diligently; and (2) some extraordinary circumstance prevented him from timely filing." *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). These allegations do not establish a basis to apply equitable tolling. Although Mr. Britton was proceeding *pro se*, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Similarly, Mr. Britton has not shown cause for his default; nor has he shown that he will suffer

prejudice should the court find that he has defaulted. He has not shown cause, as he has not proven that "there was something external to [him], something that cannot fairly be attributed to him," such as "interference by officials" or that the "factual legal basis for a claim was not reasonably available to [petitioner]." *McCleskey v. Zant*, 499 U.S. 467 (1991). In the absence of a showing of cause, the court need not consider the issue of prejudice. Finally, he has not shown that a fundamental miscarriage of justice would occur should the court apply the procedural default, as he has not shown that "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). For these reasons, Mr. Britton is barred from seeking federal *habeas corpus* review under the doctrine of procedural default.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed with prejudice under the doctrine of procedural default. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 19th day of November, 2019.

/s/ Neal Biggers
U. S. DISTRICT JUDGE